IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN JACK, et al., | Case No.: 2:16-cv-00633 (Lead Case) |
| | 2:17-cv-00808 |
| Plaintiffs, | |
| v. | JUDGE ALEGNON L. MARBLEY |
| | Magistrate Judge Jolson |
| SOUTH PARK VENTURES, LLC, et al., | |
| | |
| Defendants. | |

## **STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY**

This Stipulated Protective Order (the "Order") is entered into with respect to the above-captioned matter (the "Action") between and among Plaintiffs, John Jack and Tri-State Disposal, LLC ("Plaintiff"), and Defendants, Dean Grose and South Park Ventures, LLC ("Defendants"). Plaintiff and Defendants are referred to collectively as "the Parties."

WHEREAS, during the course of discovery in this matter, it may be necessary for a person or entity ("Producing Person") to disclose documents or information to a Party to this Action ("Receiving Party"), including in response to deposition notices, subpoenas or other means of discovery ("Discovery Requests").

WHEREAS, to expedite the exchange of discovery materials, to facilitate the prompt resolution of disputes over confidentiality, and to protect discovery material entitled to be kept confidential, the Parties stipulate and agree as follows:

1.      This Order applies to all Parties to this Action and also to non-parties that are served with subpoenas in connection with the Action or who otherwise produce documents or are noticed for deposition in connection with the Action, and all such non-parties are entitled to the protection afforded hereby upon signing the Acknowledgment to be Bound in the form attached

and agreeing to be bound by its terms. This Order applies to all information, documents and things exchanged in or subject to discovery in this Action (collectively referred to as "Discovery Material").

2. A Producing Person may designate Discovery Material as "Confidential" if such Producing Person believes in good faith that such Discovery Material constitutes or includes information: (i) that has not been made public and that the Producing Person would not want to be made public in the ordinary course of its activities, including but not limited to technical, business, financial, third-party, personal or other information of a nature that can be protected under the Ohio Rules of Civil Procedure; or (ii) that the Producing Person is under a preexisting obligation or nondisclosure agreement to a third-party to treat as confidential; or (iii) that the Producing Person has in good faith been requested by another party or non-party to so designate on the ground that such other party or non-party considers such material to contain information that is confidential or proprietary to such party or non-party.

3. Where reasonably practicable, Confidential material shall be designated by the Producing Person as such by marking every such page "Confidential." Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Person may designate material as Confidential by informing the person to whom the material is provided in writing in a clear and conspicuous manner at the time of production of such material, that such material is Confidential.

4. Confidential material shall be given, shown, made available to or communicated only to the following:

    a. Plaintiff;

b. Defendants;

c. counsel of record who have entered an appearance on behalf of a party and employees of such counsel who are assisting in the preparation of this action;

d. the Court, its officers and clerical staff;

e. outside photocopying, graphic production services, or litigation support services;

f. expert witnesses employed by a Party for this Action;

g. court reporters, stenographers, or videographers who record deposition or other testimony in the litigation; and

h. any other person or entity to whom the Producing Person may consent in writing.

5. Before any person or their representative identified in Paragraph 4(e), (f), (g) or (h) is given access to Discovery Materials designated "Confidential" if allowed by the above rules, such person or their representative shall be provided with a copy of this Order and shall acknowledge in a written statement that he or she read the Order and agrees to be bound by the terms thereof. Such written statements shall be retained in the files of counsel for the party who gave access to the Discovery Materials designated as Confidential to the person who was provided such access. Such written statements shall not be subject to disclosure unless a showing of good cause is made and the Court so orders.

6. Confidential material and any copies thereof, and the information contained therein that are filed with the Court or any pleadings, motions or other papers shall be filed separately and conspicuously marked "Filed Subject to Confidentiality Order." Where possible,

only those portions of filings with the Court that disclose Confidential material shall be filed in this manner.  Each filing party will make a good faith effort to file Confidential material in this manner.

7. In the case of depositions, if counsel for a party or non-party believes that a portion or all of the testimony given at a deposition constitutes Confidential material, counsel shall so state on the record and shall request that the entire transcript or the relevant portion of testimony be sealed.  The court reporter, who shall first have agreed to abide by the terms of this Order, shall be instructed to include on the cover page of each sealed transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." In addition, each page of the transcript containing information designated as Confidential material shall include the legend "Confidential."  If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "Confidential," if any portion of the transcript itself is so designated. When testimony designated as Confidential is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.  In addition, any party or non-party may designate the transcript or videotape of a deposition as Confidential within seven (7) court days of the party's or non-party's receipt of the final transcript from the court reporter.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as Confidential.  Until expiration of the aforesaid seven (7) day court period following receipt of the transcript by the Parties, all deposition transcripts and videotapes shall be considered and treated as Confidential unless otherwise agreed on the record at the deposition. Nothing in this paragraph shall apply to or

affect the confidentiality designations on documents or materials entered as exhibits at depositions.

8. Any Discovery Material marked Confidential may be used by the Receiving Party only for the purpose of prosecuting and/or defending this Action or related litigation.

9. Nothing herein shall be a waiver or relinquishment by any person of any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

10. If any Receiving Party objects to the designation of any Discovery Material as Confidential (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the party responsible for such designation, and seek to confer in good faith by telephone or in person to attempt to resolve any dispute respecting the terms or operation of this Order. If such a dispute cannot be resolved after such objection is first raised, the objecting party may then move the Court to do so. Until the Court rules on such an issue, the Discovery Material shall continue to be treated as designated Confidential. Upon motion, the Court may order the removal of the Confidential designation from any Discovery Material so designated subject to the provisions of this Order.

11. A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any party to challenge the designation by a Producing Person of Discovery Materials as Confidential during the discovery period shall not be a waiver of that party's right to object to the designation at the hearing.

12. Except as otherwise set forth herein, within 60 days of the conclusion of the Action, all Confidential material, and all copies or notes thereof, shall either be returned to counsel for the respective Producing Person, or destroyed, except that counsel may retain their work product and copies of court filings, transcripts, and exhibits, provided said retained documents will continue to be treated as provided in this Order. Notwithstanding the foregoing, Confidential material may be retained to the extent it is "backed up" on electronic information management and communications systems or servers, is not available to an end user and cannot be expunged without considerable effort. If a person in possession of Confidential material chooses to destroy documents rather than return the same, that person shall certify such destruction in writing to opposing counsel or counsel for the Producing Person.

13. Any party may move to modify the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to modify the provisions of the Order.

14. Any person or party subject to this Order that may be subject to a motion or other form of legal process or any regulatory process or demand seeking the disclosure of another party's or non-party's information designated Confidential pursuant to this Order: (i) shall promptly notify that party or non-party to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) shall not provide such materials unless required by court order, law or regulation, or with the consent of the Producing Person.

15. Nothing in this Order affects the right of any Producing Person that designates material as Confidential to use or disclose such material in any way. Such disclosure will not waive the protections of this Order and will not entitle other parties, non-parties, or their attorneys to use or disclose such material in violation of this Order, except that if the Producing

Person uses material it produced in a manner inconsistent with its confidential status, then that will serve as a basis to object to the designation and to contend that such designation has been waived.

16. Except as provided in this paragraph, following a Producing Person's production or dissemination of Discovery Material, the failure to designate particular Discovery Material as Confidential at the time of production shall not operate to waive a Producing Person's right to later designate such Discovery Material as Confidential. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, any such Discovery Material shall be treated as Confidential in accordance with this Order; provided, however, that if the Discovery Material that was not designated is, at the time of the later designation, filed with a court on the public record, the party or person that failed to make the designation shall move for appropriate relief. If an omitted "Confidential" designation is first claimed during the course of a deposition or hearing, the subject Discovery Material may be used during that day's deposition or hearing, as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

17. In the event any information or document is produced that the Producing Person later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the Receiving Party shall, within five (5) business days of receipt of a written request by the Producing Person, return the original to the Producing Person, destroy all copies thereof and delete any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains. Inadvertent production of privileged, work product

protected or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications.  Return of a document for which the Producing Person has asserted a claim of privilege, work-product protection, or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, work product protection or immunity is invalid; provided, however, that mere production of the information or document in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity.

18.    Nothing herein shall be deemed to prevent a party or non-party from objecting to discovery or asserting that information being sought in discovery is of such a nature that discovery should not be afforded because of the confidential, personal or proprietary nature of the information being sought or to preclude a party or non-party from seeking additional or further limitations on the use or disclosure of such information.

19.    Notwithstanding the above, each producing Party and nonparty shall retain the right to seek to limit the disclosure of certain Confidential information to those enumerated in the above Paragraph 4(c)-(f) as "Attorneys' Eyes Only".  Any Party or nonparty producing documents may designate documents/information as Attorneys' Eyes Only after review of the documents/information by an attorney who has, in good faith, determined that the documents/information contain information so sensitive as to create concern that disclosure to those other than attorneys could cause damage to the producing party and include (1) information protected from disclosure by statute, (2) sensitive personal information (of any Party or nonparty), (3) trade secrets (of any Party or nonparty), (4) confidential research,

development, or commercial information (of any Party or nonparty), or (5) information which the Party is concerned may contain information identified in items 1-4 above and there is an expedited need to produce the documents, which can be evaluated after the initial production. By way of example, the kind of information anticipated to be included as Attorneys' Eyes Only is as follows:

(1) customer-specific information related to actual or potential customers, including but not limited to any list of customers;

(2) information related to proprietary software created or owned by the producing Party or its subsidiaries or affiliates;

(3) information related to marketing plans and business strategy;

(4) information related to customer pricing; and,

(5) information related to a Party or nonparty's profits, losses, income, or other sensitive, financial information.

Attorneys' Eyes Only documents shall be so designated by placing or affixing the words "Attorneys' Eyes Only" on the document in a manner which will not interfere with the legibility of the document. Any other conveyance of information, such as electronically stored information, shall be accompanied by a statement that the information is confidential, deemed to be Attorneys' Eyes Only and is to be shared only with counsel for the opposing Party. Documents and information shall be designated Attorneys' Eyes Only prior to, or contemporaneously with, the production or disclosure of the documents or conveyance of the information. Inadvertent or unintentional production of documents/information without prior designation as Attorneys' Eyes Only shall not be deemed a waiver, in whole or in part, of the right to designate documents/information as Attorneys' Eyes Only as otherwise allowed by this Order. In the event any of the documents designated Attorneys' Eyes Only needs to be provided to the Court, the information shall be provided for *in camera* review or by filing under seal consistent with S.D. Ohio R. 5.2.1, consistent with the purpose and intent of this

paragraph. Documents designated Attorneys' Eyes Only shall only be shared with counsel and employees of counsel for the Parties who have responsibility for the preparation and trial of the lawsuit, or with an expert of any of the Parties who may review and use such documents and information only for the purpose of preparing an opinion to be offered at a hearing or trial in this lawsuit.

Any Confidential or Attorneys' Eyes Only designation is subject to challenge. The following procedures shall apply to any such challenge.

    a.    Burden of Proof

The burden of proving the necessity of a Confidential or Attorneys' Eyes Only designation remains with the Party or nonparty asserting confidentiality.

    b.    Written Notice of Challenge

A Party who contends that documents/information designated Confidential or Attorneys' Eyes Only are not entitled to confidential treatment shall give written notice to the Party who affixed the designation of the specific basis for the challenge. The Parties and any producing nonparty shall then have five (5) days from receipt of the written notice to determine if the dispute can be resolved without judicial intervention. If not, the Party challenging the designation may move for a Court Order overturning the Confidential or Attorneys' Eyes Only designation.

    c.    Treatment of Information Pending Challenge Determination

Notwithstanding any challenge to the designation of documents/information as Confidential or Attorneys' Eyes Only, all material previously designated Confidential or Attorneys' Eyes Only shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

(1) the Party or nonparty who claims that the documents/information are confidential withdraws such designation in writing; or

(2) the Court rules that the documents/information should no longer be designated as Confidential or Attorneys' Eyes Only.

19. The provisions of this Order shall survive the final termination of the Action for any retained Confidential material.

IT IS SO ORDERED.


Date: January 4, 2018                                  /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN JACK, et al., | Case No.: 2:16-cv-00633 (Lead Case) |
| | 2:17-cv-00808 |
| Plaintiffs, | |
| v. | JUDGE ALEGNON L. MARBLEY |
| | Magistrate Judge Jolson |
| SOUTH PARK VENTURES, LLC, et al., | |
| | |
| Defendants. | |

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby certify and agree that I have read and understand the terms of the Stipulated Protective Order (the "Order") relating to the lawsuit pending in the US District Court for the Southern District of Ohio, styled *Jack, et al., v. South Park Ventures, LLC, et al.,* Case No. 2:16-cv-00633.

5. I understand and will strictly adhere to the contents of said Order. I understand that produced material disclosed to me is subject to the Stipulated Protective Order of this Court and that I am prohibited from copying, disclosing, or otherwise using said material except as provided by said Order.

6. I also understand that my execution of this Declaration of Acknowledgement and Agreement to be Bound by the Stipulated Protective Order is a prerequisite to my review of any produced materials, as defined in the Order.

7. I agree to be bound by the terms and conditions of the Order.

8. I stipulate to the jurisdiction of the Court solely with respect to the provisions of the Order.

Date: _____         _____
                                    Name: