IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN JACK, et al.,

        Plaintiffs,

  v.                                                                        Civil Actions: 2:16-cv-633
                                                                                                  2:17-cv-808
                                                                                             Judge Algenon L. Marbley
                                                                                             Magistrate Judge Jolson

SPV VENTURES
LLC, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on John Jack's Renewed Motion to Compel DeepRock Disposal Solutions, LLC to Produce Records Responsive to Subpoena (Doc. 96 in 2:16-cv-633), Mr. Jack's Motion for Leave to File a Reply Brief *Instanter* in Support of his Renewed Motion to Compel (Doc. 106 in 2:16-cv-633), and Mr. Jack's Motion to Strike South Park Ventures, LLC's Response to the Renewed Motion to Compel (Doc. 78 in 2:17-cv-808). For the reasons that follow, Mr. Jack's Motion for Leave to File a Reply Brief is **GRANTED**, and his Motion to Strike and Renewed Motion to Compel are **DENIED**.

I.   BACKGROUND

Mr. Jack is the manager and a member of Tri-State Disposal, LLC ("Tri-State"), and former Chief Executive Office ("CEO") of Water Energy Services, LLC ("WES"), a company that built facilities and operated injection wells for the disposal of waste water generated by the oil and gas industry in the Appalachian Basin. Mr. Jack and Dean Grose, who is part owner and

operator of South Park Ventures, LLC ("SPV"), were WES's sole board members.  Tri-State and SPV each held a fifty percent share in WES.

WES began construction on its facilities in April 2015, completed construction in December 2015, and became fully operational around February 2016.  Despite WES becoming fully operational, its underlying business relationships soured, leaving Mr. Jack and Tri-State at odds with Mr. Grose and SPV.  In the context of those faltering relationships, WES operated as such for just a short period of time.  Multiple lawsuits ensued, two of which have been consolidated by this Court and are currently pending.  The Court discusses each lawsuit only to the extent necessary to resolve the pending Motions.

**A.  *Jack, et al. v. SPV Ventures, LLC, et al.*, 2:16-cv-633**

Mr. Jack and Tri-State filed the first lawsuit suit against SPV and Mr. Grose in the Court of Common Pleas for Washington County, Ohio on June 3, 2016.  (Doc. 4 in 2:16-cv-633).  SPV and Mr. Grose removed the action to this Court pursuant to its diversity jurisdiction on June 30, 2016.  The case is now captioned as *Jack, et al. v. SPV Ventures, LLC, et al.*, 2:16-cv-633.  Mr. Jack and Tri-State filed the Second Amended Complaint (the operative complaint) on March 23, 2017.  (Doc. 27 in 2:16-cv-633).

According to the Second Amended Complaint, a third-party expressed an interest in purchasing WES in the fall of 2015, even before WES completed construction of its facilities.  (*Id*. at ¶ 25).  Mr. Jack and Tri-State allege that, although the offer to purchase WES expired and consequently was declined, having such an offer prompted SPV, Mr. Grose, and others to "engage[ ] in a concerted effort to force Jack to resign from the board of WES, remove him as CEO of WES and remove him as an employee of WES so they could gain control of WES."  (*Id*. at ¶¶ 27–28).  Their motive, Mr. Jack and Tri-State contend, was financial—removing Mr. Jack

"without payment of any compensation." (*Id*. at ¶ 28). Arising principally from these allegations, Mr. Jack and Tri-State bring claims for breach of contract based on the WES Operating Agreement (Count One), breach of fiduciary duties (Count Two), and defamation resulting in libel and slander (Count Three).

### B. *SPV Ventures, LLC v. Jack et al.*, No. 2:17-cv-808

Within a week of Mr. Jack and Tri-State filing the first lawsuit, SPV filed an action against Mr. Jack and former officers of WES in the Court of Common Pleas for Washington County, Pennsylvania. Defendants removed the matter based on diversity jurisdiction to the United States District Court for the Western District of Pennsylvania, which transferred it to this Court in September 2017. (Doc. 26 in 2:17-cv-808). The second lawsuit is now captioned as *SPV Ventures, LLC v. Jack et al.*, No. 2:17-cv-808. The Amended Complaint (the operative complaint) was filed on March 23, 2017. (Doc. 1-3, PAGEID #: 97–208 in 2:17-cv-808).

SPV alleges that Mr. Jack and WES's former officers mismanaged the construction of the WES facility and WES's financial assets, resulting in WES's default "of its various obligations to its lenders" and causing WES to "incur[ ] debt …. in excess of $3,000,000.00." (*Id*. at ¶ 27, PAGEID #: 101). Relevant here, SPV alleges that Mr. Jack and WES's former officers failed to satisfy their duties to obtain proper rights-of-way for WES's pipeline and, consequently, WES constructed the pipeline in the incorrect location. (*Id*. at ¶¶ 83–85, PAGEID #: 113). SPV also avers that Mr. Jack and WES's former officers acted to WES's detriment by "accept[ing] barrels of water from consumers at a below-market price," resulting in increased royalties to them. (*Id*. at ¶¶ 88–89, PAGEID #: 114).

WES was placed in receivership in July 2016, and the receiver obtained court approval to sell WES's assets at auction. (Doc. 24 at 4 in 2:17-cv-808 (citing Am. Compl. ¶¶ 46–54 &

3

Ex. D)). WES's assets were sold at auction in December 2016 to Funds Protection Investment, LLC ("FPI"), which assigned them to DeepRock Disposal Solutions, LLC ("DeepRock"). (*Id*.). DeepRock explains that its owners include two limited liability companies, one of which is owned by Mr. Grose. (Doc. 103 at 16 in 2:16-cv-633). Arising generally from these allegations, SPV brings claims for breach of fiduciary duties (Count One) and misrepresentation and fraud (Count Two).

### C. The Discovery at Issue

Mr. Jack seeks to compel discovery from DeepRock, which is not a party to either lawsuit pending in this Court. Mr. Jack served a subpoena on DeepRock on June 29, 2017 (Doc. 73-2 in 2:16-cv-633), and first moved to compel in January 2018. (Doc. 73 in 2:16-cv-633). After the Motion was briefed fully, the Court denied it as premature, finding that many of the issues were amenable to resolution through continued discussions. (Doc. 86 at 6–7 in 2:16-cv-633). Consequently, the Court ordered the parties to meet and confer. (*Id*.).

After engaging in that process, Mr. Jack opted to withdraw subpoena requests 1–7, 13, 15, and 18–19, but indicated that the parties remained at an impasse as to the remaining subpoena requests, namely requests 8–12, 14, and 16–17. (*See* Docs. 96-3, 96-4, 96-5, 96-6 in 2:16-cv-633). The remaining requests seek production of:

> 8. All financial statements of DeepRock whether internal or external, from December 1, 2016 through the Present.
>
> 9. All reports and records regarding the barrels of waste water received by DeepRock at its facility for the period January 1, 2017 through the Present.
>
> 10. All reports or documents showing total barrels billed and monetary amount billed by DeepRock to its customers, by distinct billing period(s), during the period January 1, 2017 through the Present.

4

11. All daily, weekly and/or monthly barrel count records available showing the number of barrels of waste water received by DeepRock for the period January 1, 2017 through the Present.

12. All records concerning the number of barrels received by DeepRock for disposal as reported to the Ohio Department of Natural Resources during the period January 1, 2017 through the Present.

\* \* \*

14. All documents regarding royalty payments being reported and paid VM Mile Run, LLC for the period January 1, 2017 through the Present.

\* \* \*

16. The truck manifest showing barrels of waste water delivered to DeepRock for the period January 1, 2017 through the Present.

17. All records showing the amount of oil shipped or sold by DeepRock for the period January 1, 2017 through the Present.

(Doc. 96-2, PAGEID #: 1243 in 2:16-cv-633) Because counsel represented that Court intervention was necessary, the undersigned expedited briefing on any renewed Motion to Compel and indicated that no reply brief should be filed absent leave. (Doc. 94 in 2:16-cv-633).

Mr. Jack filed his Renewed Motion to Compel on April 23, 2018, seeking responses to requests 8–12, 14, and 16–17. (Doc. 96 at 4 in 2:16-cv-633). Mr. Jack argues that he is entitled to the responses for two main reasons: (1) the information is necessary to rebut the claims against him made by SPV and (2) the information is necessary to calculate his damages. (Doc. 96-1 at 4–7 in 2:16-cv-633). In response, DeepRock asserts that the requests improperly "delve into the heart of [its] business," and would result in it producing "information that would detail its confidential pricing models and financials that would show the manner and focus of its operations." (Doc. 103 at 2 in 2:16-cv-633). At bottom, DeepRock argues that the information is irrelevant and disproportional to the needs of the case. (*Id*. at 1). SPV also filed a Response in opposition to Mr. Jack's Renewed Motion (Doc. 72 in 2:17-cv-808), which Mr. Jack moved to

strike (Doc. 78 in 2:17-808). The Court now considers Mr. Jack's Renewed Motion to Compel, Motion for Leave to File a Reply Brief, and Motion to Strike.

## II. RELEVANT LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure "governs discovery from non-parties, including the right to command a non-party to, *inter alia*, produce documents." *Taylor v. Universal Auto Grp. I, Inc.*, No. 14-MC-50, 2015 WL 1810316, at *4 (S.D. Ohio Apr. 17, 2015) (citing Fed. R. Civ. P. 45(a)(1)). Rule 45 further provides that "the court for the district where compliance is required must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter ... or subjects a person to undue burden." *Id.* (citing Fed. R. Civ. P. 45(d)(3)(A)(iii),(iv)). "In determining whether a subpoena imposes an undue burden, a court considers 'such factors as relevance, the need of the [requesting] party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Kacmarik v. Mitchell*, No. 1:15CV2062, 2017 WL 131582, at *4 (N.D. Ohio Jan. 13, 2017) (quoting *Hogan v. Cleveland Ave. Rest., Inc.*, No. 2:15-cv-2883, 2016 WL 7467968 at *2 (S.D. Ohio Dec. 28, 2016) (citing *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)). Ultimately, "[c]ourts must balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of that person as a non-party is a factor." *In re: Modern Plastics Corp.*, No. 17-2256, 2018 WL 1959536, at *4 (6th Cir. Apr. 26, 2018) (citations and quotations omitted).

## III. DISCUSSION

The Court first addresses Mr. Jack's argument that the discovery requested from DeepRock is relevant given SPV's claims against him. It next addresses whether the information requested from DeepRock is relevant to calculate Mr. Jack's alleged damages.

6

## A. Whether the Discovery Requested from DeepRock is Relevant to SPV's Claims Against Mr. Jack

Mr. Jack argues that the discovery requested from DeepRock is relevant given two particular claims that SPV makes against him. First, Mr. Jack argues that the discovery is relevant to SPV's claim that he caused damage to WES's assets, including its waste water disposal facility and its pipeline right-of-way. (Doc. 96-1 in 2:16-cv-633 (citing Doc. 1-3, PAGEID#: 101, 113–14 in 2:17-cv-808)). Second, Mr. Jack contends that the discovery is necessary to defend against SPV's allegations that he "entered agreements to dispose of waste water at unprofitable prices per barrel because he stood to gain from the collection of royalties…." (*Id.*). Tying Mr. Jack's arguments to the requests themselves, Mr. Jack appears to be requesting DeepRock's financial statements and its records concerning barrels of waste water, oil, and royalty payments in an effort to establish that WES's facility and pipeline were constructed properly and that he disposed of waste water at a profitable price per barrel. (*See id.* at 6–7).

As an initial matter, the Court is struck by the breadth of these requests from DeepRock, a non-party, and that all but one request seek information from January 1, 2017 through the present. (The sole exception is Request No. 8, which seeks all of DeepRock's financial statements from December 1, 2016 through the present). Clearly, discovery concerning the construction of WES's facilities from April 2015 through February 2016 (when WES became fully operational) would have bearing on these claims, as would discovery on WES's assets being sold at auction in December 2016, but the relevance of documents after January 1, 2017 is less clear. However, the Court need not determine relevance or whether non-party DeepRock would suffer an undue burden because, as DeepRock argues, the allegations relied on by Mr. Jack "are completely moot." (Doc. 103 at 2 in 2:16-cv-633).

7

DeepRock explains that "SPV has indicated to counsel for Mr. Jack and counsel for DeepRock that it no longer intends to pursue those lines of inquiry or make those assertions in relation to any claims against Mr. Jack." (*Id*. at 2–3). Because this information is most reliable coming from SPV itself, the Court finds good reason to consider SPV's Response to Mr. Jack's Renewed Motion to Compel (Doc. 72 in 2:17-808). Consequently, and pursuant to the Court's inherent power to manage its docket, Mr. Jack's Motion to Strike SPV's Response (Doc. 78 in 2:17-808) is **DENIED**. *See Colas Sols. Inc. v. Blacklidge Emulsions, Inc.*, No. 1:16CV548, 2016 WL 9356209, at *1 (S.D. Ohio Aug. 8, 2016) ("[T]rial courts make use of their inherent power to control their dockets when determining whether to strike documents or portions of documents.") (internal citations omitted).

A review of SPV's Response confirms DeepRock's representation that SPV will not pursue these allegations against Mr. Jack. In light of this representation and the related documentation, the Court takes SPV's counsel at his word as an officer of this Court that his client will not pursue these allegations against Mr. Jack. *See generally Comp. Leasco, Inc. v. NTP, Inc.*, 194 F. App'x 328, 338 (6th Cir. 2006) ("A lawyer is an officer of the court while preparing [his] client's case."). Thus, Mr. Jack's Renewed Motion to Compel is **DENIED** to the extent that he seeks the information to demonstrate that WES's facility and pipeline were constructed properly and that he disposed of waste water at a profitable price per barrel.

### B. Whether the Requested Discovery Is Relevant to Mr. Jack's Damages

The Court next turns to whether the evidence is relevant for Mr. Jack's damages calculation. Mr. Jack argues that the requests are relevant to damages as follows:

> 8. All financial statements of DeepRock whether internal or external, from December 1, 2016 through the Present.

**Relevance: Financial statements present both the financial performance and the utilization of the WES assets. Monthly financials provide a linear trend of the actual performance.**

9. All reports and records regarding the barrels of waste water received by DeepRock at its facility for the period January 1, 2017 through the Present.

10. All reports or documents showing total barrels billed and monetary amount billed by DeepRock to its customers, by distinct billing period(s), during the period January 1, 2017 through the Present.

11. All daily, weekly and/or monthly barrel count records available showing the number of barrels of waste water received by DeepRock for the period January 1, 2017 through the Present.

12. All records concerning the number of barrels received by DeepRock for disposal as reported to the Ohio Department of Natural Resources during the period January 1, 2017 through the Present.

16. The truck manifest showing barrels of waste water delivered to DeepRock for the period January 1, 2017 through the Present.

**Relevance of requests 9-12, 16: Facts and evidence of performance reported to third parties in the regular course of business.**

14. All documents regarding royalty payments being reported and paid VM Mile Run, LLC for the period January 1, 2017 through the Present.

**Relevance: Present the actual amount paid and volumes, as cross check of other reported data for accuracy.**

17. All records showing the amount of oil shipped or sold by DeepRock for the period January 1, 2017 through the Present.

**Relevance: revenue and profits of company as reported in financials to cross check accuracy of data.**

(Doc. 96-1 at 5–6 in 2:16-cv-633). Mr. Jack adds that this information has been requested by his "forensic accountant/economic damages expert," who is conducting a "but for expectations less actual performance" calculation of damages which requires "information related to the actual performance of the former[ ] WES assets." (*Id*. at 4). In sum, Mr. Jack contends that the information is relevant because "a component of [his] damages is the value of the business as a

9

going concern that was taken from him by Grose and SPV without just compensation when they squeezed him out of WES." (*Id*. at 6).

DeepRock makes a litany of arguments in opposition, but a primary one is that Mr. Jack fails to make "any complete showing that the requests are relevant" to his damages calculation. (Doc. 103 at 6 in 2:16-cv-633). More specifically, DeepRock asserts that Mr. Jack never explains "how this proposed valuation method, if it exists, supports any of his claims or defenses." (*Id*. at 5). The Court agrees that Mr. Jack's argument falls short of clarifying why DeepRock's sensitive business information is relevant to his alleged damages. *See Mid Am. Sols. LLC v. Vantiv, Inc.*, No. 1:16-MC-2, 2016 WL 1611381, at *5 (S.D. Ohio Apr. 20, 2016) ("Demonstrating relevance is the burden of the party seeking discovery.") (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citations omitted). Based upon this finding, the Court allows Mr. Jack to be heard in reply. Mr. Jack's Motion for Leave to File a Reply Brief is, therefore, **GRANTED** (Doc. 106 in 2:16-cv-633).

Mr. Jack's Reply, however, provides no additional clarification for how DeepRock's sensitive business information is relevant to his alleged damages. Instead, the Reply confirms that this debate now extends well beyond the relevance of discovery and has devolved into a conversation about the legitimacy of Mr. Jack's proposed valuation method. Mr. Jack acknowledges this and seeks to confirm "the … existence of [his] damages expert's methodology" and combat the notion that it is "some farfetched theory which was just hatched." (Doc. 106-1 at 1 in 2:16-cv-633). Stated simply, this dispute puts the proverbial cart before the horse.

At base, whether Mr. Jack's need for the information is rooted in a legitimate methodology is unnecessary to resolve at this stage of the proceedings. Placing this dispute in

the greater context of these cases, in which dispositive motions on liability are due prior to expert reports on damages (*see* Doc. 105 in 2:16-cv-633), the Court finds it the better exercise of judgment to resolve the proposed valuation issue at a time when it is properly before the Court. Doing so promotes efficiency, causing the parties to expend resources to prepare expert reports only if necessary. It likewise allows the Court a broader perspective in ruling on the scope of discovery relevant to damages. To that end, the current expert report deadlines are **VACATED** and will be re-set, if necessary, following the Court's ruling on dispositive motions. Based upon the foregoing, and under this Court's broad discretion, Mr. Jack's Renewed Motion to Compel is **DENIED.**

### C. DeepRock's Request for Compensation

DeepRock argues that the Court should "award appropriate compensation for the actions of Mr. Jack in filing the Original Motion and the Renewed Motion [to Compel]," pursuant to Rule 45. (Doc. 103 at 17–18 in 2:16-cv-633). Rule 45 of the Federal Rules of Civil Procedure provides in relevant part:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d). Here, the Court finds the requested compensation unwarranted.

As outlined above, a dispute exists over whether the discovery is relevant to Mr. Jack's damages computation, an issue that the Court finds premature at this juncture. Under these circumstances, the Court does not find that Mr. Jack or his counsel imposed an undue burden or expense on DeepRock. Rule 45(d)(1) is "narrowly-tailored to situations involving the misuse of a court's subpoena power[,]" and the Court finds no such misuse here. *Muslim Cmty. Ass'n of*

*Ann Arbor v. Pittsfield Twp.*, No. CV 12-10803, 2015 WL 5132583, at *2 (E.D. Mich. Apr. 24, 2015); *see also SAJ Distributors, Inc. v. Sandoz*, 2008 WL 2668953, at *3 (D.N.J. June 27, 2008) (noting that "attorney fees are generally awarded only in the most egregious of circumstances, such as when a party has clearly breached Rule 45"). Accordingly, DeepRock's request for compensation is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Mr. Jack's Motion for Leave to File a Reply Brief (Doc. 106 in 2:16-633) is **GRANTED**, and his Motion to Strike SPV's Response to the Renewed Motion to Compel (Doc. 78 in 2:17-cv-808) and Renewed Motion to Compel (Doc. 96 in 2:16-633) are **DENIED**. DeepRock's request for compensation is also **DENIED**. The current expert report deadlines are **VACATED** and will be re-set, if necessary, following the Court's ruling on the parties' dispositive motions. If necessary, the parties are **DIRECTED** to submit a joint status report with proposed expert report deadlines to the undersigned (jolson_chambers@ohsd.us.courts.gov) within fourteen (14) days of the Court's Opinion and Order on dispositive motions.

IT IS SO ORDERED.

Date: May 21, 2018                     /s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE