# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN JACK, et al.,

      Plaintiffs,

    v.                                      Civil Actions: 2:16-cv-633
                                                  2:17-cv-808
                                            Judge Algenon L. Marbley
                                            Magistrate Judge Jolson

SOUTH PARK VENTURES LLC, et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on John Jack's Motion to Compel South Park Ventures, LLC and Dean Grose to Provide Discovery. (Doc. 108 in 2:16-cv-633). Specifically, Mr. Jack seeks an order compelling Mr. Grose to answer additional deposition questions. For the reasons that follow, Mr. Jack's Motion to Compel is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

The Court previously set forth the factual background of this action. (Doc. 113 in 2:16-cv-633). To summarize, Plaintiff John Jack is the manager and a member of Tri-State Disposal, LLC ("Tri-State"), and former Chief Executive Office ("CEO") of Water Energy Services, LLC ("WES"), a company that operated injection wells for the disposal of waste water. Mr. Jack and Mr. Grose, who is part owner and operator of South Park Ventures, LLC ("SPV"), were WES's sole board members. Tri-State and SPV each held a fifty percent share in WES.

After just a few months in operation, WES was placed in receivership in July 2016, and the receiver obtained court approval to sell WES's assets at auction. (Doc. 24 at 4 in 2:17-cv-808 (citing Am. Compl. ¶¶ 46–54 & Ex. D)). WES's assets were sold at auction in December

2016 to Funds Protection Investment, LLC ("FPI"), which assigned them to DeepRock Disposal Solutions, LLC ("DeepRock"). (*Id.*). DeepRock's current owners include two limited liability companies, one of which—SWD Holdings, LLC ("SWD")—is owned by Mr. Grose. (Docs. 103 at 16; 121 at 2 in 2:16-cv-633).

Multiple lawsuits ensued, two of which have been consolidated by this Court, *Jack, et al. v. SPV Ventures, LLC, et al.*, 2:16-cv-633 and *SPV Ventures, LLC v. Jack et al.*, No. 2:17-cv-808, and are currently pending.

**A. The Discovery at Issue**

On March 29, 2018, Tri-State Disposal, LLC, Noble Zickefoose, Terry Clark, and Mr. Jack deposed Mr. Grose in multiple capacities: in his capacity as a representative of SPV, in his capacity as a representative of SWD, and in his individual capacity. (*See* Doc. 110-1 at Tr. 110–111). During the deposition, Mr. Grose refused to answer questions regarding DeepRock. The following exchange is illustrative:

> Mr. Jack's Attorney: Who currently is in charge of the overall operations of DeepRock?
>
> A: I've been advised by counsel not to answer any more questions regarding DeepRock.
>
> Mr. Grose's Attorney: DeepRock doesn't have counsel here.
>
> Mr. Jack's Attorney: It doesn't matter. This is a discovery deposition.
>
> Mr. Grose's Attorney: It is. And DeepRock is not here as a party or even a deponent.
>
> Mr. Jack's Attorney: So what. That happens in all depositions, you ask questions of a witness and –
>
> Mr. Grose's Attorney: Not when it's a subject of an outstanding motion for protective order, motion to compel and the matter is being dealt with by the judge. That is not a normal situation. This matter is before the Court, and once it's resolved between DeepRock and whatever entity Jack parties [sic], when that is

2

resolved, then you can take a deposition of the appropriate party at the appropriate time. Notice DeepRock. I think that's the way to get information you need. But you're not getting it through Mr. Grose[.]

(Doc. 110-1, Tr. 111–13; *see also id.* at Tr. 142–46). The deposition continued on April 9, 2018. (*See* Doc. 110-2 in 2:16-cv-633).

Due to Mr. Grose's refusal to answer various questions, Mr. Jack filed a Motion to Compel on May 16, 2018, seeking an order compelling Mr. Grose to answer questions concerning the following five subject matters:

1. The pricing DeepRock has charged customers from brine water disposal since taking over operation of the assets formers owned by Water Energy Services, LLC ("WES") on January 12, 2017;

2. The volumes of brine DeepRock has injected into the three class II disposal wells formerly operated by WES;

3. DeepRock's operation of the class II disposal wells formerly operated by WES including the filters utilized, maintenance undertaken, inspections conducted and expert(s) who have inspected and/or provided any opinions concerning the condition of the injection wells;

4. The pending lawsuit filed by DeepRock and the claims it has asserted concerning a pipeline right-of-way dispute; and

5. The person(s) in charge of the operations of DeepRock and who are managing the company.

(Doc. 108 at 1 in 2:16-cv-633).

Mr. Jack argues that Mr. Grose has direct knowledge concerning these topics, and the discovery "directly relates to factual allegations, claims and counterclaims asserted in this consolidated action against Jack." (Doc. 108 at 2 in 2:16-cv-633).

## II.   RELEVANT LEGAL STANDARD

"Determining the proper scope of discovery falls within the broad discretion of the trial court." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citing *Lewis*

*v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Under Rule 37, a party may move for an order compelling a discovery response if "a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B). In addition, the party moving to compel must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* S.D. Ohio Civ. R. 37.1. "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum*, 270 F.R.D. at 302 (quoting *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05–CV–273, 2006 U.S. Dist. LEXIS 68779, *2 (S.D. Ohio Sept. 25, 2006)).

## III. DISCUSSION

### A. DeepRock's Pricing, Injection Volumes, and Business Operations Information (Topics 1, 2, 3)

Mr. Jack argues that the Court should compel testimony from Mr. Grose regarding DeepRock's pricing for brine water disposal, the volumes of brine DeepRock has injected into its wells, and DeepRock's overall operation of the wells, including maintenance, inspections, conditions, etc. (Docs. 108, 109). This information is relevant, according to Mr. Jack, to rebut allegations by SPV and Mr. Grose. More specifically, Mr. Jack argues the information is relevant to SPV's claims that he "lowered the pricing knowing that WES would operate at a loss" and that he "deliberately jeopardized the integrity of the wells subjecting them to potential damage" by injecting excessive volumes. (Doc. 109 at 4 in 2:16-cv-633 (citing Doc. 1-3 at ¶¶ 88–89 in 2:17-cv-808)).

Notably, SPV and Mr. Grose do not challenge the relevance of the information sought, nor do they argue that the information is sensitive and confidential such that it should not be divulged. (*See* Doc. 116). Instead, SPV and Mr. Grose contend that because the Court previously refused to compel DeepRock to provide the same or similar information on the basis of mootness, it should do so again. (Doc. 116 at 2 in 2:16-cv-633; *see also* Doc. 113).

SPV and Mr. Grose, however, fail to acknowledge the differences between the two Motions to Compel. As an initial matter, Mr. Jack's Renewed Motion to Compel was seeking documents from DeepRock, a non-party. Now Mr. Jack is seeking testimony from a party in both pending litigations. Additionally, in denying Mr. Jack's Renewed Motion to Compel, the Court noted at the time that it was "struck by the breadth" of the requests to a non-party, and the relevance of some documents was not clear. (Doc. 113 at 7 in 2:16-cv-633). Further, the Court did not ultimately reach the merits regarding the potential overbreadth of the requests or the relevance, finding the issue moot based on DeepRock and SPV's representations at the time. (*Id.* at 7–8).[1]

Here, in contrast, SPV and Mr. Grose make no argument regarding mootness. Further, the Court is no longer concerned with undue burden on a non-party and the relevance of the information is uncontested. If SPV and Mr. Grose intend to withdraw allegations so that Mr.

---

[1] DeepRock explained to the Court:

> [To the extent] Mr. Jack seeks financial information about DeepRock to rebut certain of SPV's assertions, those matters are completely moot. SPV has indicated to counsel for Mr. Jack and counsel for DeepRock that it no longer intends to pursue those lines of inquiry or make those assertions in relation to any claims against Mr. Jack. Counsel for SPV has provided the communications between him and Mr. Jack's counsel, attached as Exhibit 8, indicating that SPV was not pursuing those matters."

(Doc. 103 at 2–3 in 2:16-cv-633). Exhibit 8 was a string of emails in which counsel for SPV and Mr. Grose represented that "SPV is not claiming damages with regard to the amount of water being pumped at a discount." (*Id.* at #: 1293). Further, SPV's Response to the Mr. Jack's prior Renewed Motion to Compel confirmed DeepRock's representation that SPV would not pursue these allegations against Mr. Jack. (Doc. 72 in 2:17-808).

5

Jack's questions are no longer relevant, they may do so. If the allegations are not withdrawn, though, Mr. Jack is entitled to the information at issue. *See Smith v. Gen. Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *3 (S.D. Ohio Apr. 13, 2006)(A party is entitled to depose another on "the factual bases for [that] party's claims or defenses[.]"). Thus, Mr. Jack's Motion to compel testimony as to DeepRock's pricing for brine water disposal, the volumes of brine DeepRock has injected into its wells, and DeepRock's overall operation of the wells is **GRANTED**.

### B. DeepRock's Pending Lawsuit (Topic 4)

It is undisputed that SPV's Complaint in 2:17-cv-808, alleges that Mr. Jack was responsible for defects in the WES Pipeline—specifically, that the pipeline was not built on the existing rights-of-way—and that had an adverse impact on the value of the WES assets. (Doc. 116 at 4 in 2:16-cv-633; Doc. 1-3 in 2:17-cv-808). It is also undisputed that Mr. Jack questioned Mr. Grose on these specific allegations, to which he provided answers. (Doc. 110, Tr. 132:20–142:3). The conflict, however, arises from Mr. Jack's line of questioning that sought testimony on certain claims that *DeepRock* was alleging in a lawsuit outside of this Court:

> Mr. Jack's Attorney: Now, what claims is DeepRock Disposal making against any entity regarding these ROW [rights-of-way] problems that you've just described?
>
> Mr. Grose's Attorney: Objection.
>
> A: I'm going to take advice of counsel and not answer anything regarding DeepRock.
>
> Mr. Jack's Attorney: It's on the table. It's directly in his complaint talking about the ROW problems. I have to explore it.
>
>    \*\*\*
>
> Mr. Grose's Attorney: We're not here on the DeepRock matter.
>
>    \*\*\*
>
> Mr. Jack's Attorney: I've handed you what has been marked as Exhibit No. 41,

6

> which you can see is a lawsuit filed by DeepRock Disposal Solution against John Jack; correct, and others?
>
> A: I don't have counsel for DeepRock present, so I'm not going to answer any more questions regarding DeepRock.

(Doc. 110-1, Tr. 142–43).

Mr. Jack argues that he is entitled to information about DeepRock's pending lawsuit outside of this Court:

> DeepRock claims in the Washington County lawsuit that the purported problems caused by the ROW are the fault of these various third-parties, Ron Deem, Forte Productions and the landowners. In this action Grose and SPV claim that Jack caused the "ROW defects" and made misrepresentations to SPV that all the appropriate leases have been obtained. (Grose Tr. April 9, 2018 pages 143:7-144:2). Accordingly, Grose's knowledge of the allegations and claims DeepRock is asserting in a lawsuit against third-parties concerning the very issues for which he is asserting allegations of wrongdoing against Jack are appropriate avenues for discovery. Nonetheless, Grose again engages in hit-and-run tactics of making accusations to smear Jack, but then refuses to answer questions within his knowledge that would get into the detail of the same. Grose refused to provide information for which he has knowledge concerning allegations and claims made in the DeepRock lawsuit. (Grose Tr. March 29, 2018 pages 142:5-146:12).

(Doc. 109 at 8 in 2:16-633).

SPV and Mr. Grose contend that Mr. Grose was not testifying at the deposition as DeepRock's corporate representative, nor was DeepRock's counsel present. (Doc. 116 at 5). Thus, they claim it was proper for Mr. Grose to refuse to answer the questions posed. The Court agrees. Although Mr. Grose was testifying as a witness in multiple capacities, he was not testifying as a 30(b)(6) witness for DeepRock, and any questions as to the facts and allegations made By DeepRock in an unrelated matter were outside the proper scope of the deposition. Accordingly, Mr. Jack's Motion to compel testimony as to DeepRock's pending lawsuit is **DENIED**.

### C. Personnel at DeepRock (Topic 5)

Finally, Mr. Grose refused to answer questions during his deposition regarding who manages and operates DeepRock. An example of Mr. Grose's refusal is as follows:

Q: Who is currently in charge of the overall operations of DeepRock?

A: I've been advised by Counsel not to answer any more questions regarding DeepRock.

(Doc. 110, Tr. 111:8–11 in 2:16-cv-633). Mr. Jack alleges that Mr. Grose is "managing and directing DeepRock's operations and its business affairs through a management agreement between his company Comtech and DeepRock[,]" and thus has relevant knowledge regarding the personnel at DeepRock. (*See* Doc. 109 at 12–13 in 2:16-cv-633). This issue was not addressed by SPV and Mr. Grose in their Opposition.

The Court finds that instructing Mr. Grose to refuse to answer questions concerning DeepRock's management structure based on his personal knowledge was inappropriate. "Under Federal Rule of Civil Procedure 30(c)(2), the deponent must continue to answer questions despite an objection." *A.K. by & through Kocher v. Durham Sch. Servs., L.P.*, No. 15-2663-JTF-DKV, 2016 WL 11248524, at *6 (W.D. Tenn. Nov. 22, 2016); *see also Prosonic Corp. v. Stafford*, No. 2:07-CV-0803, 2008 WL 2323528, at *4 (S.D. Ohio June 2, 2008) ("As a general matter, of course, a witness at a deposition is required to answer even irrelevant questions, subject to objection, because the circumstances under which a witness may refuse to answer deposition questions are quite limited."). An instruction not to answer is only appropriate "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Here, no privilege was asserted, no limitation had been ordered by the Court, and Mr. Grose did not seek an order under Rule 30(d)(3). *See Durham Sch. Servs., L.P.*, 2016 WL 11248524, at *6. Consequently, Mr. Jack's

Motion to Compel, to the extent he seeks testimony regarding the personnel in charge of the operations and management of DeepRock is **GRANTED**.

In an effort to reduce costs, however, the parties are **DIRECTED** to meet and confer regarding how best to exchange this information given its limited nature.  Specifically, Mr. Jack should consider obtaining this information through written discovery, rather than reconvening Mr. Grose's deposition for a third time.  *See Younis v. Pinnacle Airlines, Inc.*, No. 07-CV-02356-DV, 2008 WL 11411712, at *2 (W.D. Tenn. Mar. 24, 2008) (". . . Rule 26(c) [] grants the court [] discretion to specify terms for a deposition or prescribe different discovery methods in lieu of an actual in-person deposition.") (citing Fed. R. Civ. P. 26(c)(1)(B),(C)).

## IV. CONCLUSION

For the reasons set forth above, Mr. Jack's Motion to Compel (Doc. 108 in 2:16-633) is **GRANTED in part** and **DENIED in part**.  Although additional discovery is permitted as set forth in this Order, the parties are still expected to comply with the case deadlines set forth in the May 8, 2018 Order.  (Doc. 105).  In addition, going forward, an **in-person status conference must be held prior to the filing of any discovery motion in this case**.  Finally, because of the tone of the briefing of discovery disputes in this matter, the Court reminds counsel of their professional responsibilities, and all counsel of record are **ORDERED** to review the INTRODUCTORY STATEMENT ON CIVILITY set forth in the Local Rules of this Court and certify such review via a joint email to the undersigned (jolson_chambers@ohsd.uscourts.gov) within seven (7) days from the date of this Order.

IT IS SO ORDERED.

Date:  June 25, 2018                                         /s/ Kimberly A. Jolson
                                                                         KIMBERLY A. JOLSON
                                                                         UNITED STATES MAGISTRATE JUDGE