**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN JACK and** | : | |
| **TRI-STATE DISPOSAL, LLC,** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:16-cv-633** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **DEAN GROSE and** | : | **Magistrate Judge Jolson** |
| **SOUTH PARK VENTURES, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Defendant, John Jack's ("Jack") Motion *in Limine* to

Exclude South Park Ventures, LLC's ("SPV") and Dean Grose's ("Grose") Claimed Damages

and Business Valuation expert, Rebekah A. Smith, CPA, CFF, CVA, MAFF ("Motion"). (ECF

No. 184). For the following reasons, this Court **DENIES** Defendant's motion.

## I.      BACKGROUND

The facts of this case have been set out, in detail, on numerous occasions, and only the

following factual summary is necessary at this time.

John Jack is the manager and a member of Tri-State Disposal, LLC ("Tri-State"). In

addition to Mr. Jack, two other individuals and a separate LLC—Horizon Partners Investments,

LLC ("Horizon")—are members of Tri-State. (ECF No. 27-1). Jack is also a 50% member of

Horizon. Through this direct and indirect membership interest in Tri-State, Jack owns

approximately 45% of the membership interests in Tri-State. Dean Grose is a partial owner of

South Park Ventures, LLC ("SPV") and controls SPV's operations.

In 2015, SPV and Tri-State agreed to form Water Energy Services, LLC ("WES"). Under this agreement, Tri-State and SPV each owned 50% of WES. Additionally, each LLC appointed one member to WES's two-person board. SPV appointed Dean Grose, and Tri-State appointed John Jack. Jack and Grose were responsible for different aspects of the management of WES. In addition to Jack's position on the Board, Jack was the CEO of WES. Grose did not have an additional formal title or role within WES other than his position on the Board.

The business relationship quickly soured and various lawsuits were instituted in state and federal court. Jack and Tri-State now allege that Grose and SPV were trying to oust them from the company (among other things), and Grose and SPV allege the same about Jack and Tri-State. The case is set for trial on September 3, 2019. This motion *in limine* was filed with the court on August 12, 2019.

## II. LEGAL STANDARD

As a general rule, "a court should exclude evidence on a motion in *limine* only when that evidence is determined to be clearly inadmissible on all potential grounds." *Delay v. Rosenthal Collins Grp., LLC*, No. 2:07-CV-568, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012). Thus, when the "court is unable to determine whether . . . certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context." *Id.* Whether to grant a motion *in limine* falls within the sound discretion of the trial court. *Delay*, 2012 WL 5878873, at *2.

The presumption of admissibility is particularly strong in a bench trial. *Bank One, N.A. v. Echo Acceptance Corp.*, No. 04–CV–318, 2008 WL 1766891, at *1 (S.D.Ohio Apr.11, 2008). "Without the fear that prejudicial or improper evidence will taint the jury, courts are even more

inclined to take a wait-and-see approach." *Id.* Moreover, "motions *in limine* yield only interlocutory decisions, which are not binding on the Court at the bench trial where any and all issues that were raised or could have been raised in a motion *in limine* are subject to renewed consideration." *Cooey v. Strickland,* Case Nos. 2:04–cv–1156, 2:09–cv–242, 2:09–cv–823, 2:10– cv–27, 2011 WL 320166, at *2 (S.D. Ohio Jan 28, 2011).

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "The standard for relevancy is 'extremely liberal' . . . ." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (internal citation omitted). "[A] piece of evidence does not need to carry a party's evidentiary burden in order to be relevant; it simply has to advance the ball." *Id.* at 401. Additionally, evidence can be relevant even if it does not relate to a fact in dispute, provided the evidence supplies background information about a party or issue. *See* Advisory Committee Notes to 1972 Proposed Rules ("Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding."). Relevant evidence is admissible unless excluded under a specific provision of the Constitution, a federal statute, Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402.

Rule 403 can operate to bar otherwise relevant evidence. Rule 403 grants trial courts discretion to exclude evidence "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

# III.    ANALYSIS

Defendant makes three arguments to support his motion to exclude the report of Rebekah Smith.  First, Defendant argues that the Ms. Smith's report should be excluded because Grose has already testified that SPV is seeking $2.4 million as damages and SPV should be bound by Grose's testimony and precluded from providing any other evidence relating to damages.  (ECF No. 186).  Second, Defendant argues that Ms. Smith should be precluded from adding the $2,484,781 into her equity calculation because this amount has already been determined to be debt, and not SPV equity.  *Id.*  Third, Defendant argues that Grose and SPV should be precluded from trying to recover the same lost equity damages in this federal and state court.  *Id.*  The court will address each of Defendant's arguments in turn.

Defendant's first argument fails because the expert report is admissible and relevant, and there is no risk of undue prejudice.  Defendant's argument that SPV and Grose should be precluded from presenting additional testimony as to damages because defendants have already testified as to damages is without merit.  The Federal Rules of Evidence make clear that all relevant evidence is admissible.  Ms. Smith's expert report as to the valuation of WES and SPV's share of WES is relevant as to damages in the remaining breach of fiduciary claim asserted by SPV against Tri-State and Jack.  The fact that other relevant evidence exists does not serve as a bar to the admissibility of Ms. Smith's report.

In its order addressing the summary judgment briefing, this Court granted summary judgment to Tri-State on one of Grose and SPV's claims for breach of fiduciary duty because of Grose's admission that he and SPV are seeking the amount of the $2,484,781 loan as damages in support of one of their breach of fiduciary duty claims.  (ECF No. 163 at p. 10).  This Court determined that this was a derivative claim and also prohibited by the express terms of the WES

4

operating agreement. *Id.* SPV's claim for breach of fiduciary duty, based on its argument that Jack and Tri-State attempted to freeze out Grose and SPV, was preserved for trial, however, as that claim is direct, not derivative. (ECF No. 163 at 11, 15-17).

Defendant argues that SPV is bound by Grose's deposition testimony regarding damages. A close inspection of Grose's testimony during the deposition reveals that his assertions regarding damages are not as certain as Jack makes them out to be. Grose first says that he would have to refer to counsel on the damages because he "know[s] our $2 million note and the interest, you know, we never recouped. I don't know if this is part of that [case] or if there's another lawsuit. I would have to ask." Grose Dep. 148: 3–7. Counsel then interjects that "[t]he complaint speaks for itself what the damages are." Grose Dep. 148: 9–10. Grose then refers to the complaint and appears to $2,484,781.11, which he characterizes as "the note and the interest that was due, plus costs." Grose Dep. 148: 24–25. Nowhere in this exchange does either counsel or Grose refer to a counterclaim. With Grose's deposition taking place a mere ten days after SPV filed its counterclaim, it is possible that Grose was not speaking to the damages on any counterclaim.

To be sure, counsel is required to disclose the category of damages and any expert reports. Failure to do so may result in exclusion of such evidence. Jack argues that SPV failed to disclose any measure of additional damages other than the amount of the loan. But Jack has not alleged that SPV failed to disclose its expert. The expert's report is relevant as to damages in the remaining breach of fiduciary claim. There is no basis for excluding it merely because additional evidence as to damages exists in the record.

Defendant's second argument that Ms. Smith should be precluded from adding the $2,484,781 into her WES equity calculation for SPV because this amount has already been

determined to be debt, and not SPV equity, also fails because it does not address the admissibility of the evidence, but rather, its weight and significance. SPV argues that the inclusion of this amount into the equity calculation is not an attempt to seek the loan amount as damages, but rather is an estimate of damages supporting its argument that Jack and Tri-State breached their fiduciary duty to SPV by attempting to purchase WES and continue the business without Grose and SPV. SPV adds that it was harmed by Jack's actions in preventing SPV from "stabilizing the company" by converting its debt to equity. (ECF No. 205 at p. 4). Because Defendant makes no allegations that the evidence is inadmissible or unreliable, but rather attempts to address its significance, there is no basis for excluding its evidence prior to trial. *See Bank One, N.A. v. Echo Acceptance Corp.*, No. 04-CV-318, 2008 WL 1766891, at *3 (S.D. Ohio Apr. 11, 2008) ("Absent a jury, courts 'have substantial flexibility in admitting proffered expert testimony at the front end, and then deciding for themselves during the course of trial whether the evidence meets the requirements of *Kumho Tire* and *Daubert* and deserves to be credited.'") (citing *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 636 (6th Cir. 2000)).

Third, Defendant argues that it is improper for Grose and SPV to seek the same "lost equity" damages in both state and federal court. While the court is sympathetic to Defendant's fears, Defendant's argument does not relate to the admissibility of Ms. Smith's expert. Further, the Supreme Court has consistently noted that absent applicability of any doctrine of abstention, federal courts "ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant" without deference to similar state court proceedings. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("Generally, as between state and federal courts, the rule

is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . .") (internal quotation marks omitted).

## IV. CONCLUSION

For the reasons specified above, this Court **DENIES** Defendant Jack's Motion *in Limine* to Exclude South Park Ventures, LLC's ("SPV") and Dean Grose's ("Grose") Claimed Damages and Business Valuation expert, Rebekah A. Smith, CPA, CFF, CVA, MAFF.

**IT IS SO ORDERED.**

    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATE: August 28, 2019**